IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00306-JGZ |
| Plaintiff, | |
| v. | ORDER |
| CYRUS ANDREW SULLIVAN, | |
| Defendant. | |

Pending before the Court is a Motion to Reopen Detention Hearing filed by Defendant Cyrus Sullivan on June 25, 2018. (Doc. 98.) The government filed a response on July 20, 2018. (Doc. 102.) An evidentiary hearing was held on July 25, 2018. (Doc. 103; *see also* Doc. 113 (transcript).) Having considered the arguments of the parties and all matters of record, the Court will deny the motion to reopen.

## DISCUSSION

On August 31, 2017, the District Court ordered Defendant detained finding his release would present a danger to the community. (Doc. 18; Doc. 21 at 12–14

(transcript).) Defendant appealed that finding to the Ninth Circuit, which affirmed the Order of detention. (Docs. 19, 40.) Defendant now asks the Court to reopen the detention hearing due to changed circumstances including (1) the clinical evaluation and risk assessment conducted by forensic psychologist Dr. Megan McNeal, a copy of which was provided to the Court, and (2) newly obtained evidence suggesting Defendant did not inflict bodily injury upon the deputized federal officers. At the evidentiary hearing, Dr. McNeal explained her opinions including that Defendant be treated with individual therapy by a community therapist specializing in the treatment of persons with autism spectrum disorders who could also refer Defendant for related services. It was related that Defendant's family is willing to pay for these services, which are otherwise not available to Defendant.

Defendant asserts this information is new because there was not a full understanding of Defendant's disability when detention was considered by the District Court and considered to some degree by the Ninth Circuit. Defendant acknowledges that his disorder is exacerbated by binge drinking and substance abuse, but asserts that those factors can be managed by imposing related conditions of supervision. Defendant urges the Court to release him to participate in the proposed therapy and argues that his participation in the treatment, in combination with appropriate conditions of release, will reasonably assure his appearance and the safety of any other person and the community. Suggested conditions include: a period of home confinement with electronic monitoring, no drug and alcohol, monitoring for compliance, and related services for Defendant's

mother. Finally, Defendant also argues that there is no evidence that his violent acts caused bodily injury to any officer and that the Government has failed to provide evidence of bodily injury.

The Government opposes the motion, arguing that there are no changed circumstances and no new information.

## ANALYSIS

18 U.S.C. § 3142(f) expressly provides that a detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f); *see United States v. Strong*, 489 F.3d 1055, 1060 (9th Cir. 2007).

1. Specialized treatment

Here, the treatment information relied upon by Defendant to reopen may be more detailed, but it is not new. And, although it appears undisputed that Defendant is in need of treatment, the proposed treatment is not necessarily a reasonable assurance that Defendant will choose to comply with conditions of supervision which might otherwise ameliorate danger he presents to the community. The Court recognizes that Defendant suffers from a disorder that colors his reaction to common stimuli, and that Defendant may find agitating and over-stimulating, what others perceive as ordinary or normal. It is recognized that Defendant's substance abuse and alcohol abuse has likely exacerbated his

reactions. However, Defendant has not previously complied with conditions set by the Court. His terms of supervisions were revoked and Defendant explicitly told the prior judge that he would not follow the judge's directives. Moreover, Defendant has a history of threats and acts of violence against others including service providers, citizens in the community, and members of his family. In other words, Defendant has demonstrated on numerous occasions that he is either unwilling or unable to comply.

    2. Lack of evidence of bodily injury.

Defendant argues that the lack of evidence of bodily injury to the corrections officers is a further reason to reconsider the detention decision because it "bears directly on the circumstances of the offense . . . ." in addition to the issue of dangerousness to the community. (Doc. 98 at 2.) The significance of Defendant's reference to the circumstances of the offense is not entirely clear.

The Court notes that the weight of evidence is one of the five factors for the Court to consider in deciding whether to grant pretrial release. 18 U.S.C. § 3142(g)(2); *United States v. Gebro*, 948 F.2d 1118 (1991). To the extent Defendant relies on lack of evidence of bodily injury to address this factor, his position is unavailing. The weight of the evidence is the least persuasive factor in the detention analysis. *United States v. Montamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (weight of the evidence is the least important factor because § 3142 neither requires nor permits pretrial determination of guilt). Moreover, evidence of bodily injury is not required to support a conviction under 18 U.S.C. § 111. *See United States v. Sommerstedt,* 752 F.2d 1494, 1496–97 (9th Cir.

1985), *as amended,* 760 F.2d 999 (9th Cir. 1985) (because no particular level of force is required to support a conviction, "a defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a federal officer . . . .").

The fact that Defendant did not cause any corrections officer bodily injury can be relevant to the consideration of whether Defendant presents a danger to the safety of the community. In this case, however, it does not change the result. Regardless whether Defendant presented a danger to the corrections officers or not, his record, which includes a history of multiple threats and acts of violence toward others, supports the conclusion that Defendant's release would pose a threat to the community. For the foregoing reasons, the Court will deny the request for Defendant's release on conditions.

THEREFORE, IT IS ORDERED Defendant's Motion to Reopen Detention Hearing (Doc. 98) is DENIED.

Dated this 31st day of August, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge